Good morning, Your Honors. Katherine Young from the Federal Public Defender's Office for Appellant Alma Batson. Your Honors, Ms. Batson contends that the amount of restitution imposed by the district court must be reversed because restitution in this case must be limited to the offense of conviction. The government submitted a letter to the court last week saying that this government's office and the Department of Justice agree that restitution must be limited to the offense of conviction and that they agree with other circuits as cited in our opening brief, the 2nd, 3rd, 4th, 5th, 6th, 7th, and 11th circuits that state that in cases such as this, restitution must be limited to the offense of conviction. Now, Counselor, there seems to be a discrepancy in terms of the amount involved. The government apparently says it's $8,028. I gather you say it's $4571. Yes, Your Honor. I was just going to move on to that. I will submit on the issue that I just discussed. With respect to the amount with respect to which there is a dispute, the PSR says that the amount of the overdue refund or the overpaid refund is $4,571. The government says a little over $8,000. But the government's analysis, our evidence is based on the PSR. Their analysis is based on their supplemental excerpts, which I could not find in the record, either their evidence or their analysis. So there's no basis, I think, in the record for the government's position. Therefore, we would ask the Court to impose the amount of $4,571. Well, now, is that up to us to decide, or should we remand it to the district court and let the district court make the determination? Well, Your Honor, in the Matthews case, in this Court in 2002, it was not cited in my briefs, but it's 278F3880, states that as a general matter, the Court remands for resentencing on an open record. But there are certain cases cited in the Matthews brief where the government has the burden of proof and does not need that proof. The Court has the option of resentencing with directions or specific directions as to the finding. Well, is it you're saying that there was nothing presented to the district court regarding the tax liability apart from the refund? The only thing that I could find in the record and in our files was the statement in the PSR of $4,571. The government submitted supplemental excerpts, but they don't cite to where in the records those are, and I couldn't find them in the records. So I could not find anywhere in the records that that had been submitted to the district court. Very well. Thank you, counsel. I reserve the remainder of my time. You may certainly do so. Thank you. We'll hear from the government. Good morning, Your Honors. Jennifer Cho on behalf of the United States of America. May it please the Court, I just wanted to clarify. It appears that Ms. Batson is conceding the point that the district court did have the authority to order restitution as a condition of supervised release, which appeared to be the main dispute in our briefing. But if it apparently appears that this is no longer an issue, then the government would ask the court to find that the district court was properly authorized under the statutes that control probation and supervised release that the district court was authorized to issue restitution for a Title 26 offense as a condition of supervised release. But not the VWPA or the MVRA? That's right. And the amended judgment and commitment order that was issued by the district court contained a typo on the face of the order that said that the restitution was being ordered pursuant to the VWPA. Excuse me, it was the MVRA, Section 3663, Big A, and we would ask in part of the court's remand to allow the district court to obviously correct that typo. The reason that there is nothing in the record concerning the actual loss amount arising from that particular tax return, that is the count of conviction, is that before the district court there was no dispute or discussion as to the amount. The only dispute before the district court between the parties was whether or not the district court had the authority to impose restitution at all as a condition of supervised release. Therefore, there was no discussion whatsoever about the amount of restitution that was being asked for by the government. The government at first asked for a restitution in the amount of the total loss arising, which was $900,000 and change, then amended its request to ---- Was that larger figure just refunds? That was the total loss liability, which included refunds that were not legitimately earned by the taxpayers, as well as any tax liability that the taxpayers did not pay as a result of the returns that were submitted. So in this case, in this particular tax return, the refund that was received by the taxpayers was $4,571. But in addition to that refund, those taxpayers actually owed the IRS an additional $4,000 and change. And given the false statements that the defendant placed into their tax return, they escaped that liability. So the total loss arising from that tax return is $8,028. But none of this is before the Court in the record, because, again, this was not presented at sentencing, because there was no dispute over the amount of restitution. Well, I suppose that you arrived at that $975,000 some way by adding up something. Was the 8,000 part of it? Yes, Your Honor. The discovery that was produced to the defendant included the IRS agent's complete analysis of every single tax return that was identified as having contained false statements that the defendant, Ms. Batson, put into the tax returns. And through that analysis, there was the ultimate number reached of $900,000-something. Well, if that's true, then there is something in the record about 8,000 for this claim. Yes, there is. But it was not submitted as part of the excerpts of record. So it is in the record. However, as part of the de novo remand that the government is asking for to allow the district court to reconsider sentencing as a whole, this would allow the district court to comply with the requirement in Section 3663, I believe, that says that the district court, before it imposes an order of restitution, has to make particular findings as to what the loss is and, therefore, to determine the amount of restitution that's appropriate and also to make findings as to the defendant's financial status. And I don't believe that the district court actually went through either of those findings of fact and just imposed the number that was requested by the government, which was $176,000. Therefore, because the government has conceded as to the appropriate amount of restitution but there hasn't been any actual findings of fact as to what that amount is by the district court, we would ask that this court remand for resentencing to allow consideration of that and also to allow the district court to consider the sentence as a whole in the event that Judge Anderson feels that with the change in the amount of restitution, he may want to reconsider the fine. There's an issue that just occurred to me in reading the briefs. It's not briefed. But who is the real victim here? Weren't the taxpayers victims in a sense? It's not just the IRS is the victim. That's correct. The victims, well, the taxpayers were victimized in that they had to go through a very complicated auditing process that they weren't at all expecting because they placed their trust in their tax preparer, the defendant, Ms. Batson. But in the end, the loss that was incurred is suffered by the IRS. The victims, of course, are in a position where they could bring civil action against the defendant for any damages that resulted from her placing false statements unknowingly into their tax returns. But the taxpayers, for the most part, I mean, you know, they got refunds that they weren't entitled to. Most of these taxpayers, the IRS has audited them and they've begun collection proceedings to get back the refunds that they shouldn't have gotten in the first place and also to collect on any outstanding tax liabilities that were never paid off as a result of these false tax returns. Were the taxpayers hit with any kind of fees for reckless return or whatever arising out of the misconduct of Ms. Batson? Not that I'm aware of. And so as far as the government is concerned, the primary victim here is the IRS because it is the IRS that is out, well, at this point, $176,000, which it's not going to collect from any of the taxpayers. But because of the position that the government has taken, restitution in this case is limited to the count of conviction. And that one tax return the government believes the loss is $8,028. But we would ask that the district court be given the opportunity to make that finding. Were you suggesting that the whole sentence is up for grabs if we send it back for calculation of the amount of restitution? Generally, yes. In the spirit of Matthews, which was just cited by Ms. Young, sentencing, remand for sentencing is technically de novo. And in this case, I think it's appropriate to allow the district court to take a look at sentencing and reconsider it as a whole, again, because of the issue of the fines. Well, I mean, the district court really separated out the restitution. I mean, it was postponed. And, you know, he fixed the term. And the rest of the penalty and the only thing he was delaying was restitution. And if we decide he got that wrong, I'm not sure that it makes sense to open up everything else. It is true, Judge Candy, that there was no dispute before the district court except on the issue of restitution. The issue of fine never came up in discussion. The PSR recommended a $6,000 fine. The parties didn't really address it at all in its briefing or in the sentencing hearings. And the district court imposed a $6,000 fine, which is what the PSR recommended. And there was really no discussion about that at all. However, in light of the dramatic change in the amount of restitution that – and, again, I'll note that there was no dispute as to the amount of restitution that the government had proposed. After the government said $176,000, at no point before the district court did the defense say, no, that amount is inappropriate. And so the question really was, is it going to be $176,000 or is it going to be nothing because restitution is not authorized? Well, now the question is, well, yes, it's authorized, but what's the amount? I think that it's appropriate to allow the district court to consider that in light of the amount of restitution that it's limited to, which is $8,020, whether or not he wants to reconsider other aspects of the sentencing, particularly the fine. I do think it changes the picture. Well, are you prepared to say at this point what the government's request to the sentencing judge will be? Are you going to recommend a sentence? Well, it would be the same term of incarceration, the same term of supervised release, the $8,028 condition of supervised release for restitution. I'm not prepared at this time to recommend an actual dollar amount. I would need to go back and discuss with my agent what would be an appropriate amount. But you are telling this court that you would not ask for an increase in the jail time? No. Or anything beyond whatever it is, the $8,000 or the $4,000, whatever that turns out to be. Except that you are asking for a fine, is that right? Or you may ask for a fine? I may ask for an increased fine. The current fine that was imposed is $6,000. Again, this is the amount that was recommended by the PSR, and there was no dispute by the parties as to whether or not this was an appropriate amount. What's the maximum fine? Actually, the maximum fine is $250,000. The government actually misstated the maximum fine of $100,000. But for the record, the correct statutory maximum fine for a Title 26 offense, or specifically this Title 26 offense, is $250,000. All right. I'm wondering whether if the government has confined the restitution for the offense of conviction, whether it's simply an end run around that if we suddenly say, well, a fine that was at one time thought appropriate now suddenly is inappropriate and has to be increased just because the government was confined to the offense of conviction on the restitution. Again, changing the amount of restitution that the government believed could be ordered from at the time we thought it could even be $900,000, almost a million dollars, to now the position that we're taking sort of late in the game, that it is limited to just that one tax return, and that's $8,000. This is a very, very large difference. I understand that. I mean, it would seem that Judge Anderson, sitting initially in the sentencing, faced with the idea that he could order restitution up to almost a million dollars and eventually ordering restitution in the amount of $176,000, probably wasn't thinking that much about the fine either. The $6,000 fine in light of the $176,000 restitution order is fairly insignificant. However, when you go from the total liability at that point, you know, $182,000, now we're looking at $8,000 in restitution liability. It just seems that the district court might want to reconsider whether or not this change in what we're looking at in terms of the financial liability might warrant a different fine. So although the government did initially ask for a limited remand, we do now ask for a remand de novo for resentencing. And unless the Court has any other questions, I'll submit. No further questions. Thank you, counsel. Ms. Young, you have an opportunity to respond. This is a new wrinkle, maybe. Thank you, Your Honor. Yes, I would like to respond. I think that the only issue before the Court is restitution, and therefore I think that when I was talking about remanding, whether for an open record or for specific direction, I meant specifically with respect to the issue of restitution. I don't think that the fine is implicated. The fine remained the same. The government's position with respect to restitution changed dramatically even before the district court. It was started out in the 900s and then it came down in the 100,000s. And throughout that, the fine remained the same. So I don't think that the fine should be, as Judge Canby said, an opportunity for the government to have an end run around the law in this case, which is that restitution is limited to the offense of conviction. So I think that any order by the Court should be limited to restitution. The only issue is whether it should be restitution on an open record or restitution limited to the amount which was in the PSR of 4571. There might be something in the record that would refer to the unpaid tax liability on this one return if it's part of the calculation of the 975,000. Well, Your Honor, as I said, I looked through our files and I couldn't find anything. The judge in this case was Judge Anderson, who does not submit to the parties the probation officer's recommendation letter. And so there may have been in the recommendation letter an analysis that the government is talking about, but it wasn't submitted to the defense. So we don't have anything in our files or in the district court files that are available to us that sets forth that analysis. It's the district court file that I was thinking about. The opposing counsel said it wasn't part of the excerpts, but of course we have the whole record. Yeah. Well, I went to the district court record that's publicly available. There is a probation office sentencing recommendation letter which many judges make available to the parties, but this particular judge does not. It may have been in that judge, in that, but it was not made available to us. So the only thing that we had in front of us was the PSR statement that the offense of conviction was 4570 long. Well, is that letter in the record under seal or is it just in the record at all? Yes. It's under seal. Right. It's not available to the parties, just to the court. So unless there are any further questions. No further questions. Thank you, counsel. The case just argued will be submitted for decision. And we will hear argument next in the United States.
judges: Canby, Hall, O'Scannlain